REQUESTED BY: Senator Howard Lamb Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Lamb:
LB 895 of the Eighty-Seventh Legislature (1982), contained a formula for determining the high school tuition rate for nonresident pupils. You have asked if this legislative bill is constitutional.
LB 895 was amended on February 25, 1982. On April 6, 1982, it was inserted, with amendments, into LB 933. In its current posture, LB 933 requires the high school tuition rate for nonresident pupils to be determined annually by the receiving school district on a uniform taxation basis for the support of the high school program of the receiving school district. The formula for making such a determination is set forth in Section 2 of LB 933, as amended. It is rather long and therefore is not recited verbatim herein. In general, the formula uses, inter alia, the most current annual term finance report of the receiving school district on file with the State Department of Education. In includes the total current expense listed therein plus 10 per cent depreciation of certain assets divided by an amount equal to the most current total valuation on record with the county clerk of the receiving school district plus a valuation determined by multiplying the most current valuation on record with the county clerk of all Class I school districts, not part of any Class VI district, in the county times a certain ratio.
The `rate' determined by Section 2 of LB 933 will obviously vary from school district to school district. Each school district has different current expenses plus different asset values, as well as different valuations on record with the county clerk. Thus, for the purpose of this opinion, we cannot mathematically determine the per pupil cost of each school district. And, for the same reason, we cannot say that the formula in this legislative bill for determining tuition is or is not unconstitutional.
It appears to us that the following rule announced by the Nebraska Supreme Court is applicable:
 As is clearly apparent in a situation such as this the needs are not capable of exact ascertainment. In the very nature of things and as the pertinent statutes declare there may only be estimates, which of course negative any thought that accuracy must be attained. The true test is that there shall be a reasonable and approximate estimate and determination made in the light of the known and reasonably ascertainable facts and also in the light of known and fairly anticipated conditions.
Mann v. Wayne County Board of Equalization, 186 Neb. 759,186 N.W.2d 729 (1971).
It appears to us that the formula for determining per pupil cost in LB 933 comes within the above stated rule. Whether, mathematically, that formula would yield a per pupil cost which a court in a particular case could find is constitutional or unconstitutional, involves facts which are not at our disposal. Hence, we are in no position to offer an opinion that LB 933 is or is not constitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General